IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL ÁNGEL VEGA BONILLA, PAMELA IVETTE PÉREZ RIVERA AND THE CONJUGAL LEGAL PARTNERSHIP BETWEEN THEM**<br>Plaintiffs<br><br>vs.<br><br>**FORTALEZA EQUITY PARTNERS I, LLC**<br>Defendant | CIVIL No.:<br><br>Re: **RIGHT OF PROPERTY OR POSESSION OF THE NEGOTIABLE INSTRUMENT IN COMPLIANCE WITH THE NEGOTIABLE INSTRUMENTS AND BANKING TRANSACTIONS ACT** |

**COMPLAINT REQUESTING DEFENDANT`S RIGHT OF PROPERTY OR POSESSION OF THE NEGOTIABLE INSTRUMENT IN COMPLIANCE WITH THE NEGOTIABLE INSTRUMENTS AND BANKING TRANSACTIONS ACT**

**TO THE HONORABLE COURT:**

**COMES** NOW Plaintiffs **MANUEL ÁNGEL VEGA-BONILLA AND OTHERS**, through the undersigned legal counsels and respectfully **STATES** and **PRAYS**:

### I.     JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1331, as this case arises under federal law.

2.     This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because the claim exceeds $75,000 exclusive of interest and costs, and Defendant is a citizen of a state other than Plaintiff's state of citizenship.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this district, and Plaintiffs dealt with Defendant, which is located in and/or do business in this district and/or had sufficient contacts with the laws and markets of Puerto Rico through the marketing, promotion and sale of mortgages

and related services, as to render exercise of jurisdiction by this Honorable court permissible. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendant conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avails themselves of the markets in this District, through the promotion, sale, and marketing of their services in this District.

4. The appearing Plaintiffs also seek supplemental jurisdiction on state law claims under the Negotiable Instruments and Banking Transactions Act as amended, 19 LPRA secs. 401-2409. (Hereinafter "Negotiable Instruments and Banking Transactions Act").

## II.    PARTIES

1. The appearing Plaintiffs are MANUEL ÁNGEL VEGA BONILLA, PAMELA IVETTE PÉREZ RIVERA AND THE CONJUGAL LEGAL PARTNERSHIP BETWEEN THEM. Plaintiffs are residents and citizens of Puerto Rico with the following residential and mailing address: Urb. La Villa de Torrimar, 21, Reina Sofia Street, Guaynabo, PR 00969-3270.

2. The defendant is Fortaleza Equity Partners I, LLC, hereinafter referred to as "Fortaleza", is an entity organized and existing under the laws of the Commonwealth of Puerto Rico, number 487007. Domiciliated at 1209 Orange Street, WILMINGTON, DE, 19801. Postal Address at 636 Broadway 10th Floor, NEW YORK, NY, 10012.

3. Complete diversity between the plaintiffs and defendant exists.

## III.    GENERAL ALLEGATIONS

1. Fortaleza bought the credit of the case 3:16-cv-01170-PAD evidenced in the negotiable instrument of it: the promissory note to the former mortgagee of Plaintiffs': See Motion for Eviction, *Docket Entry # 56*.

2.	The nature of the cession of Plaintiffs' credit from one mortgagee to another is onerous. The onerous nature of this credit does not constitute a good faith cession in accordance with the Negotiable Instruments and Banking Transactions Act as amended, 19 LPRA secs. 401-2409. (Hereinafter "Negotiable Instruments and Banking Transactions Act").

3.	The Negotiable Instruments and Banking Transactions Act, *supra*, gives the right, under the circumstances of the ongoing case, to the claim of Defendants claim to exercise their property or possession right of the credit to the actual owner of it: Fortaleza Equity Partners I, LLC

4.	The Negotiable Instrument and Banking Transactions Act in its section 2-306, 19 LPRA sec. 606, in LexisNexis, says as follows:

> **A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes the instrument [free of claim]**. (Emphasis added).

5.	The Negotiable Instrument and Banking Transactions Act in its section (a)(2), 19 LPRA sec. 602, explains who is a good faith owner of a negotiable instrument. This section reads as follows:

> **(2)** the holder took the instrument: (i) for value, (ii) in good faith, (iii) **without notice that the instrument is overdue or has been dishonored or that there is an [excused] default with respect to payment of another instrument issued as part of the same series,** (iv) without notice that the instrument contains an unauthorized signature or has been altered, **(v) without notice of any claim to the instrument described in § 606 of this title**, and (vi) without notice that any party has a defense or claim in recoupment described in § 605(a) of this title. (Emphasis added).

6.	The above-said law in its section 2-302, *supra*, complements the previously transcribed section by stating the following:

> **(c)** Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken:

**(i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding**, (ii) **by purchase as part of a bulk transaction not in ordinary course of business of the transferor, or** (iii) as the successor in interest to an estate or other organization. (Emphasis added).

7. **<u>A thoroughly lecture of the transcribed sections of the Negotiable Instrument and Banking Transactions Act, allows to conclude that Fortaleza Equity Partners I, LLC is not a good faith owner of the negotiable instrument of this case: the promissory note, because it purchased it from the former mortgagee of Plaintiffs, with full knowledge that this credit is subject to an ongoing judicial case.</u>**

8. The facts of this case allow Plaintiffs to exercise their property right of the negotiable instrument: promissory note of this case in accordance with Section 2-306 of the Negotiable Instrument and Banking Transactions Act, *supra*.

## IV.    PRAYER FOR RELIEF

1. The Plaintiffs state that the damages suffered were product of a faulty and / or negligent handling of Plaintiff's negotiable instrument by the Defendant, their representatives and authorized officials.

2. Defendant's actions have cause great suffering and emotional distress to Plaintiffs.

3. The Plaintiffs had not been able to live peacefully and quietly since the start of the defendant's proceedings.

4. The Plaintiffs had mental anguishes and sufferings as a result of the defendant's proceedings brought against them.

5. Defendant directly or indirectly through them, their loan servicers, employees and representatives, have been continually harassing the Plaintiffs by requiring them pay inexistent or

inaccurate arrears, to communicate with them and threatened to take their property.

6.     All these negligent acts have destroyed the spirit and strength of the Plaintiffs. They have caused moral damages; anguish and mental suffering that must be compensated by this Honorable Court.

7.     For all the above-mentioned facts, we understand that under 31 LPRA § 10801 (2020 & Supl. 2022) of Puerto Rico Civil Code in force the claimant debt to pay for its gross negligence and recklessness in the negotiable instrument handling and actions of the Defendants in this case.

8.     Defendants are subject to the civil penalties of TILA. U.S.C. § 1640(a). Civil damages are appropriate when disclosure requirements have been violated, and liability is imposed despite the creditor's alleged good faith and reasonableness. Ratner v. Chemical Bank N.Y. Trust Co., 329 F. Supp. 270 (S.D.N.Y. 1971).

9.     Defendants' violations of the general requirements and rescission requirements give rise to statutory damage claims. U.S.C. § 1640(a). For open-end credit transactions, statutory damages are awarded in the amount twice of the amount of finance charge. If the action arises out of a credit transaction secured by a dwelling, the consumer is entitled to a minimum award of $200 but not more than $2,000. U.S.C. § 1640(a)(2)(A)(i-iii). Only one statutory recovery is allowed even there are multiple disclosure violations in a transaction. U.S.C. § 1640(g).

10.    Plaintiffs are entitled attorney's fees in a successful action or when they are "determined to have a right of rescission under section 1635," even if the consumer is not obligated to pay his or her attorney. U.S.C. § 1640(3); Andrews v. Chevy Chase Bank, 240 F.R.D. at 621 ("because […] plaintiffs have a right of rescission, they are entitled to attorneys' fees"); Kessler v. Associates Financial Servs. Co. of HI, Inc., 639 F.2d 498, 499 (C.A. Hi. 1981) (attorney's fees are awarded even the plaintiffs are represented without charge by legal services attorneys). Attorney's fees

include the cost of the action and "a reasonable attorney's fee as determined by the court." U.S.C. § 1640(3).

11. Plaintiff are entitled for actual damages when a creditor fails to comply with the requirements imposed by TILA, in the amount equal to the sum of any actual damage sustained by the consumer as a result of the creditor's violation. U.S.C. § 1640(a)(1). Courts may require the consumer to show actual reliance upon the accuracy of the disclosures in order to claim actual damages. Perrone v. General Motors Acceptance Corp., 232 F.3d 433, 435-439 (5th Cir. 2000); Peters v. Jim Lupient Oldsmobile Co., 220 F.3d 915, 917 (8th Cir. 2000) (detrimental reliance is established when the plaintiff shows that she read and understood the disclosures and that if the disclosures have been accurate, she would have sought and obtained a lower loan).

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

A. An order declaring the alleged acts and practices of Defendant to constitute a breach of contract and a breach of the covenant of good faith and fair dealing;

B. An order for Defendant's specific performance of its contractual obligations together with other relief required by contract and law;

C. An order for Defendants provides relief including a reduction amount to fair market value of the property.

D. Reasonable attorneys' fees and the costs of this action;

E. Statutory pre-judgment interest;

F. Award Plaintiffs damages against Defendant, jointly and severally, in an amount no less than $500,000.00 to be proven at trial together with prejudgment interests, costs and attorney fees and;

G.     Plaintiffs respectfully request this Honorable Court to grant this claim and, therefore, authorize them to exercise the right of property or possession of the negotiable instrument: the promissory note of this case in compliance with the correspondent section of the Negotiable Instrument and Banking Transactions Act, *supra*. Such other relief as this Court may deem just and proper.

## V.    DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

## CERTIFICATION

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 17th day of February, 2025.

*S/JOSEPH F. GIERBOLINI*
USDC PR No.: 229014
PO Box 191620 San Juan
PR 00919-1620
787- 225-5367
Email: juriszone@capr.org